IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MID-CONTINENT CASUALTY COMPANY | § § § | |
| V. | § § | A-16-CA-31-LY |
| CHRISTIANS DEVELOPMENT COMPANY, INC.; AND AQUARENA PLAZA, LLC. | § § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court are: Christians Development Company Inc.'s Motion to Dismiss, filed on February 10, 2016 (Dkt. No. 7); Aquarena Plaza, LLC's Motion to Dismiss, filed on February 18, 2016 (Dkt. No. 9); Plaintiff's Response to Christian Development Company Inc.'s Motion to Dismiss, filed on February 24, 2016 (Dkt. No. 11); Christians Development Company Inc.'s Reply, filed on March 2, 2016 (Dkt. No. 14); and Aquarena Plaza, LLC's Reply, filed on March 2, 2016 (Dkt. No. 15).

The District Court referred the above-motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.   GENERAL BACKGROUND**

In April 2009, Aquarena Plaza, LLC entered into a commercial construction contract with general contractor Christians Development Company Inc. to build Aquarena Plaza, a three-building multi-use shopping center in San Marcos, Texas. Aquarena alleges that the shopping center

structures have experienced distress, including cracks in the slabs, cracking in the stucco veneer and that the door frames are strained out of alignment. On June 12, 2015, Aquarena filed a state court action against Christians and related parties in the 22nd Judicial District Court of Hays County, Texas, alleging that Christians failed to construct Aquarena Plaza in a good and workmanlike manner, breached the Parties' contract, and was negligent in the construction causing property damage to tangible personal property, contents and furnishings. *See Aquarena Plaza, LLC v. Christians Development Company, Inc.; Consolidated Reinforcement, L.P.; Fred Oliver, JR., P.E.; and Highflex Ventures, LLC*, No. 15-1231 (22nd Dist. Ct. Hays County, Texas).

When Christians was served with the underlying lawsuit, it made a demand for defense and indemnification under its Commercial General Liability policies with Mid-Continent Casualty Company. Mid-Continent initially denied Christians a defense and also denied indemnification. However, after Aquarena filed its Second Amended Petition in the underlying lawsuit, Mid-Continent agreed to defend Christians in the underlying lawsuit, subject to a complete reservation of all of Mid-Continent's rights, including the right to deny indemnity after the suit was complete. On January 19, 2016, Mid-Continent filed this lawsuit seeking a declaration that it is not required to defend or indemnify Christians and Aquarena in the underlying lawsuit.

Christians and Aquarena argue that the Court should dismiss Mid-Continent's Complaint pursuant to its discretionary powers under the Declaratory Judgment Act, 28 U.S.C. § 2201, and in the alternative under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction. They argue that there is no justiciable controversy because Mid-Continent has failed to demonstrate that there is no possibility that it has no duty to defend or indemnify Christians in the underlying lawsuit, and the case is premature and not yet ripe for consideration.

## II. ANALYSIS

**A.     Declaratory Judgment Actions**

The Federal Declaratory Judgment Act grants the federal courts jurisdiction to grant declaratory relief only in "a case of actual controversy." 28 U.S.C. § 2201(a).  A district court considering a declaratory judgment action "must engage in a three-step inquiry." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).  The "district court must determine: (1) whether the declaratory judgment action is justiciable; (2) whether the court has the authority to grant the declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin–Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003).

In general, an "actual controversy" exists where "a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests." *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986).  "A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583, 587 (5th Cir. 1987).  Whether particular facts are sufficiently immediate to establish an actual controversy is a question that must be addressed on a case-by-case basis. *Orix*, 212 F.3d at 896.  Where a court lacks the statutory power to adjudicate a case, it must dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

**B.     Is this case ripe?**

Defendants argue that this action is not ripe for this Court's consideration because Mid-Continent's duty to indemnify is dependent upon facts yet to be proven in the underlying lawsuit.  In Texas, an insurer's duty to defend and duty to indemnify its insured are "distinct and separate

duties." *Colony Ins. Co. v. Peachtree Construction, Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011) (quoting *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821–22 (Tex. 1997)). The duty to defend means the insurer will defend the insured in any lawsuit that "alleges and seeks damages for an event potentially covered by the policy," while the duty to indemnify means the insurer will "pay all covered claims and judgments against an insured." *D.R. Horton–Texas, Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009) (quoting 14 Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 200:3 (3d ed. 2009)).

When deciding whether an insurer has a duty to defend a lawsuit for its insured, a court is confined to consider only the facts alleged in the petition and the terms of the policy, an approach known as the "eight corners rule." *Colony Ins.*, 647 F.3d at 253 (citing *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 654 (Tex. 2009)). "[T]he duty to defend does not rely on the truth or falsity of the underlying allegations; an insurer is obligated to defend the insured if the facts alleged in the petition, taken as true, potentially assert a claim for coverage under the insurance policy." *Colony Ins.*, 647 F.2d at 253. "Because the only two documents relevant to the duty-to-defend inquiry are the insurance policy and the petition, an insurer's duty to defend can be determined at the moment the petition is filed." *Id.* In contrast, an insurer's duty to indemnify generally cannot be ascertained until the completion of litigation, when liability is established, if at all. *Id; D.R. Horton*, 300 S.W.3d at 744. "This is because, unlike the duty to defend, which turns on the pleadings, the duty to indemnify is triggered by the actual facts establishing liability in the underlying suit, and whether any damages caused by the insured and later proven at trial are covered by the terms of the policy." *Id; see also, LCS Corrections Services, Inc. v. Lexington Ins., Co.*, 800 F.3d 664, 668 (5th Cir. 2015) ("[W]e generally evaluate the insurer's duty to indemnify after the parties have developed the actual facts that establish liability in the underlying lawsuit").

The Texas Supreme Court has created a narrow exception to this rule, when it held that "the duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.*" *Farmers Tex. Cty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (emphasis in original). In *Griffin*, the insurance policy covered bodily injury or property damage "for which any person becomes legally responsible because of an auto accident." *Id.* at 82. Farmers sought a declaratory judgment that it had no duty to defend or indemnify its insured, because the suit alleged that the injury was caused by a drive-by shooting. *Id.* at 81–82. The court evaluated the duty to defend under the eight-corners rule and held that a drive-by shooting could not constitute an "accident" as contemplated by the language of the policy. *Id.* at 83. The court then explained that the pleadings alleging that the plaintiff's injuries resulted from a drive-by shooting likewise negated "any possibility the insurer will ever have a duty to indemnify." *Id.* at 84. "In other words, under the facts pled by the plaintiffs it would have been impossible for the insured defendant to show by extrinsic evidence that the loss fell under the terms of the policy." *Burlington N. and Santa Fe Ry. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 334 S.W.3d 217, 220 (Tex. 2011). The Texas Supreme Court has stated that "the holding in *Griffin* was fact-specific" and cannot be construed broadly. *D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 744 (Tex. 2009).

Mid-Continent relies upon *Griffin* to argue that the Court should not wait until the underlying lawsuit is resolved to rule that it has no duty to indemnify Christians. Mid-Continent argues that "the same reasons that negate Mid-Continent's duty to defend likewise negate any possibility that Mid-Continent will have a duty to indemnify Christians.*"* Dkt. No. 11 at ¶ 4. Specifically, Mid-Continent argues the Policies do not provide coverage for the underlying lawsuit because:

5

(1) defective work is not "property damage;" (2) any property damage that occurred after the expiration of the fifth Mid-Continent policy would not be covered; (3) three separate exclusions apply; and (4) Christians has not alleged damage to any "real property, tangible personal property, contents, or furnishings." *Id.* Mid-Continent then goes on to argue that: "*If* Mid-Continent establishes that there is no coverage under the Mid-Continent policies, *then* Mid-Continent is entitled to a ruling that it has no duty to defend and a ruling that Mid-Continent has no duty to indemnify because 'the same reasons that negate the duty to defend [would] likewise negate any possibility [Mid-Continent] will ever have a duty to indemnify.'" *Id.* (citing *Griffin*, 955 S.W.2d at 84) (emphasis added).

Mid-Continent's argument attempts to stretch *Griffin* too far. The pleadings here do not conclusively show that there is *no possibility* that Mid-Continent will have a duty to indemnify Christians. As the Texas Supreme Court explained in *D. R. Horton-Texas*, the holding in *Griffin* was grounded on the "impossibility" of coverage, not on "a rationale that if a duty to defend does not arise from the pleadings, no duty to indemnify could arise from proof of the allegations in the petition." *D.R. Horton-Texas*, 300 S.W.3d at 745. The Court explained its holding as follows:

> In *Griffin*, the issue was whether facts developed in the underlying tort suit for injuries caused by a drive-by shooting could form the basis for coverage under an automobile insurance policy. We explained in that case that no "facts can be developed in the underlying tort suit that can transform a drive-by shooting into an 'auto accident.'" In that scenario, "the duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend and the same reasons that negate the duty to defend will likewise negate any possibility the insurer will ever have a duty to indemnify." This conclusion was grounded on the impossibility that the drive-by shooting in that case could be transformed by proof of any conceivable set of facts into an auto accident covered by the insurance policy. It was not based on a rationale that if a duty to defend does not arise from the pleadings, no duty to indemnify could arise from proof of the allegations in the petition. These duties are independent, and the existence of one does not necessarily depend on the existence or proof of the other.

6

> In *Griffin*, in fact, we recognized that it may be necessary to defer resolution of indemnity issues until after the underlying third-party litigation is resolved because coverage may turn on facts actually proven in the underlying lawsuit.

*Id.* at 744-45 (internal citations omitted).  Unlike *Griffin*, here Mid-Continent has failed to show that no facts could possibly be proven in the underlying case that would trigger a duty to indemnify.  Mid-Continent admits in its own pleadings that it needs discovery to establish the lack of a duty to defend or indemnify.  Dkt. No. 1 at ¶ 35 ("Upon information and belief, Aquarena has not suffered damage to tangible property, contents, and furnishings. *Discovery in this case will establish* the absence of such damage. . . .") (emphasis added).  Mid-Continent has failed to show that the facts alleged in the underlying suit negate the *possibility* that it will have a duty to indemnify Defendants.  Rather, the facts will first have to be established (in the underlying lawsuit) by a fact-finder before this Court can address Mid-Continent's duty to indemnify.[1]

This case is therefore not ripe for adjudication at this time.  *See Texas v. United States*, 523 U.S. 296, 300 (1998) ; *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583, 587 (5th Cir. 1987).  The Court thus lacks subject matter jurisdiction to adjudicate this case.  *See Home Builders*, 143 F.3d at 1010.  Accordingly, Mid-Continent's Complaint for Declaratory Relief should be dismissed for lack of ripeness and lack of jurisdiction.

---

[1]This a common situation.  *See, e.g., In re Jillian Morrison, L.L.C.,*482 F. App'x 872, 875 (5th Cir. 2012) ("Despite arguments to the contrary, there is undoubtedly further factual development that must take place before the case will be ripe for review by the district court."); *State Farm Mut. Auto. Ins. Co. v. Watkins, III*, 2015 WL 2364178, at *5 (Sparks, J.) (W.D. Tex. May 14, 2015) (distinguishing *Griffin* from the case before it and holding that "[f]urther factual development is needed in the Underlying Suit to determine liability, and the Court exercises its discretion in declining jurisdiction."); *Burlington*, 334 S.W3d at 220 (holding that "unlike the situation in *Griffin*, in this case the pleadings do not show that contractual provisions and other extrinsic evidence cannot possibly bring Mobley's vegetation control operations within coverage of National Union's policy for the 1995 accident. . . ."); *D.R. Horton-Texas*, 300 S.W. 3d at 745 (holding that fact questions on the issue of the duty to indemnify claim had to be resolved before the Court could rule on the issue).

## III.  RECOMMENDATION

The undersigned **RECOMMENDS** that the Court **GRANT** the Motions to Dismiss (Dkt. Nos. 7 & 9) and **DISMISS WITHOUT PREJUDICE** Mid-Continent Casualty Company's Complaint for Declaratory Relief for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  **IT IS FURTHER ORDERED** that this case be **REMOVED** from the undersigned's docket and **RETURNED** to the docket of the Honorable Lee Yeakel.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 28th day of April, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE